In re: Arie SPALTER, Debtor,

Nes Shuval, an individual; and Hana Ageitos, an individual, Plaintiffs–Appellees,

v.

Arie Spalter, an individual, Defendant–Appellant.

No. 00–57134.
BAP No. CC–99–01003–PMoRi.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Debtor Arie Spalter appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order that his debt arising from a state court judgment for conversion is nondischargeable under 11 U.S.C. § 523(a)(6). We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo, *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 980 (9th Cir.2001), and we affirm.

We decline to address Spalter's contention that the bankruptcy court should have applied Israeli law to determine the validity of the assignment because he failed to adequately raise the issue before the bankruptcy court. *See* Fed.R.Civ.P. 44.1 ("A party who intends to raise an issue con-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cerning the law of a foreign country shall give notice in his pleadings or other reasonable written notice"); Fed. R. Bankr.P. 9017; *see also Rothman v. Hosp. Serv. of S. Cal.,* 510 F.2d 956, 960 (9th Cir.1975).

Because Spalter failed to sufficiently raise the issue before the bankruptcy court, we also decline to address his contention that this is a reimbursement claim that should be discharged pursuant to 11 U.S.C. § 502(e). *See Rothman,* 510 F.2d at 960.

Because the bankruptcy court granted the only continuance Spalter requested, his contention that he was denied an adequate continuance lacks merit.

We are unpersuaded by Spalter's remaining contentions.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.